Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2169 | **DATE** | 2/4/2011 |
| **CASE TITLE** | Lerman vs. Turner, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' objections under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Brown's January 6, 2011 Opinion and Order [56] are overruled.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff Zafra Lerman filed this action against Columbia College and certain of its officers (collectively, "defendants"), claiming gender, national origin, and sex discrimination, civil rights violations, defamation, and breach of contract, among other things. Lerman moved to compel compliance with the subpoena to R. Michael DeSalle, Columbia's Chief Financial Officer, for deposition and production of documents. Defendants provided Lerman with two documents responsive to the subpoena and asserted attorney-client privilege and work-product protection as to other withheld material. Lerman then sought an order overruling defendants' privilege and work-product claims as to two documents: (1) a memorandum authored by John Tanagho of Schiff Hardin, LLP memorializing an interview Matthew Crowl, also of Schiff Hardin, conducted of Mr. DeSalle on October 22, 2009 (the "Tanagho Memorandum"); and (2) redacted portions of a document entitled "R. Michael DeSalle Timeline of Dr. Zafra Lerman Events" ("DeSalle Timeline"). Magistrate Judge Brown granted in part and denied in part Lerman's request, ordering the Tanagho Memorandum and certain portions of the DeSalle Timeline to be produced. Defendants timely filed objections to Magistrate Judge Brown's order that the Tanagho Memorandum be produced. The court has reviewed the parties' briefs and the documents at issue. For the following reasons, defendants' objections are overruled.

    A district court's review of a magistrate judge's non-dispositive order is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under this standard, the district court will overturn such rulings only if it has a "definite and firm conviction that a mistake has been made." *Weeks* v. *Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Thus, in order to overturn Magistrate Judge Brown's ruling, this court must have a definite and firm conviction that she made a mistake.

## STATEMENT

Defendants first object to Magistrate Judge Brown's finding that the attorney-client privilege applied to a memorandum prepared by Mr. Crowl on October 9, 2009 that memorialized interviews he had with several Columbia employees, including Lerman, regarding Lerman's use of grant funds on October 1 and 2, 2009 (the "Crowl Report").[1] Magistrate Judge Brown analyzed the Crowl Report using the framework established by the Seventh Circuit in *Sandra T.E.* v. *South Berwyn School District 100*, 600 F.3d 612 (7th Cir. 2010). She concluded that the record did not support defendants' argument that Mr. Crowl was retained only to conduct a factual investigation and not to give legal advice prior to Lerman's termination and that his role changed only after meeting with Lerman on October 2, 2009. The court is not persuaded by defendants' arguments that this conclusion is clearly erroneous or contrary to law.

Defendants next object to Magistrate Judge Brown's finding that the production of the Crowl Report triggered a waiver of the attorney-client privilege and work-product protection for the Tanagho Memorandum. The voluntary waiver of the attorney-client privilege or work-product protection as to one document extends the waiver to undisclosed documents if (1) the waiver was intentional, (2) the disclosed and undisclosed materials concern the same subject matter, and (3) the disclosed and undisclosed materials should in fairness be considered together. Fed. R. Evid. 502(a). Defendants argue that the Crowl Report and the Tanagho Memorandum address different subject matter as the Crowl Report is a summary of interviews related to Lerman's use of grant funds while the Tanagho Memorandum concerns Columbia's response to Lerman's initiated litigation. Magistrate Judge Brown, however, found there to be no discussion of Lerman's charge of discrimination in the Tanagho Memorandum and that it is instead a summary of Mr. Crowl's interview with Mr. DeSalle concerning claims that Lerman misused grant funds. The court has reviewed the Tanagho Memorandum and agrees with Magistrate Judge Brown's description of its contents and conclusion that it concerns the same subject matter as the Crowl Report. Defendants also argue that fairness does not require the Crowl Report and Tanagho Memorandum to be considered together, for Mr. DeSalle will be deposed and will be able to testify as to factual events that were discussed during the October 22, 2009 interview. This does not alter the fact that the Tanagho Memorandum and the Crowl Report are related to the same series of interviews and, as Magistrate Judge Brown found, "[i]t would be unfair to allow defendants to selectively produce the Crowl Report summarizing his interview[s] of some Columbia employees, and yet withhold two other documents summarizing another interview." Dkt. No. 55 at 17. Disclosure of the Tanagho Memorandum will provide Lerman with a complete picture of Mr. Crowl's factual investigation into Lerman's alleged misuse of grant funding. Because the court is not convinced that Magistrate Judge Brown's decision is clearly erroneous or contrary to law, defendants' objections are overruled.

---

1. The Crowl Report was placed in Lerman's personnel file and provided to Lerman on October 16, 2009.