## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2169 | **DATE** | 12/14/2011 |
| **CASE TITLE** | Lerman vs. Columbia College Chicago et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, Plaintiff's Motion for Protective Order Regarding Subpoenas Addressed to MIMSAD, Inc. [82] is denied. At the status hearing on December 15, 2011, the parties shall be prepared to advise the court when discovery in this case will be concluded, and the court will set a final fact discovery cut-off date.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

### STATEMENT

### BACKGROUND

In this lawsuit, plaintiff alleges that she was improperly terminated as a tenured professor at Columbia College as a result of discrimination on the basis of gender, religion and/or national origin, in retaliation for protected activity, and in violation of her civil rights and her contract. (Compl.) [Dkt 1.] Defendants state that Columbia College terminated plaintiff for misuse of government grant funds. (Answer ¶ 46.) [Dkt 15.]

Fact discovery in this case was set to close on November 18, 2011. [Dkt 66.] On November 8, 2011, defendants filed a motion to extend the time for discovery after they discovered that two payments of $10,000 each had been made from grant monies to an entity named MIMSAD, Inc., of which plaintiff is the president and treasurer. [Dkt 80.] Apparently, plaintiff approved those payments from grant funds. (*See* Pl.'s Supp., Ex. E.) [Dkt 87.] Although defendants have always been in possession of the payment records to MIMSAD, they were only prompted to investigate their possible significance when information about questionable grant payments to other entities came to light during the discovery process. Subsequently, defendants state, they found other evidence of payments to, and invoices and check requests from, MIMSAD. (Defs.' Resp. Pl.'s Supp. at 1-2.) [Dkt 88.] According to defendants, none of the individual defendants nor the representative of the College responsible for the direction of this litigation knew of MIMSAD, Inc. or its relationship to plaintiff. (Mot. Extend Disc. ¶ 8.) Defendants then issued a subpoena *duces tecum* to MIMSAD and a notice for a 30(b)(6) deposition. Defendants sought an extension of the discovery cut-off in order to take discovery related to MIMSAD and some other remaining issues, which this court granted. [Dkt 85.]

Plaintiff then filed the present motion for protective order seeking, *inter alia,* to have the subpoenas to MIMSAD quashed. Plaintiff acknowledges that she would be the 30(b)(6) witness for MIMSAD.

**STATEMENT**

Subsequently, the parties resolved all the issues in the motion except those related to MIMSAD. [Dkt. 86.] Plaintiff then filed a supplement to her motion to explain her position on the discovery directed to MIMSAD [dkt 87], and defendants filed a response [dkt 88].

DISCUSSION

Defendants argue that evidence that plaintiff received payments from Columbia both as an employee and as MIMSAD for performing the same work, and that she authorized payments to herself through MIMSAD, is after-acquired evidence concerning whether plaintiff engaged in misconduct separate from the actions that led to her discharge. (Defs.' Resp. Pl.'s Supp. at 2-4.) Under *McKennon v. Nashville Banner Publg. Co.*, 513 U.S. 352 (1995), that evidence could limit plaintiff's right to backpay and damages.

Plaintiff's first argument in her motion is that defendants knew or should have known about MIMSAD earlier in the discovery process because the grant budget disclosed MIMSAD, and the documents about which they seek to question plaintiff came from Columbia's own files. (Pl.'s Mot.¶ 6.) From this, plaintiff argues that the purpose of discovery about MIMSAD can only be to "impede and frustrate" plaintiff (*id.*¶ 5) or "a ruse upon which to seek later delay and postponement of this case." (Pl.'s Supp. at 4.)

The court does not agree. The stated reason for plaintiff's termination was misuse of grant monies that she managed. It is undisputed that MIMSAD is controlled by plaintiff. Defendants' inquiry into MIMSAD's receipt of grant money that plaintiff controlled appears to be a legitimate area of discovery reasonably related to the claims and defenses here. Although certain information about MIMSAD was apparently in defendants' records, defendants claim, in essence, that they just learned of the significance of MIMSAD and its relationship to plaintiff. The fact that it took defendants until shortly before the close of discovery to connect the dots does not justify cutting them off from a legitimate area of discovery.

In her motion, plaintiff seeks a protective order requiring that, before MIMSAD is required to produce documents or its 30(b)(6) witness, defendants be required to answer an interrogatory that plaintiff served on November 28, 2011, asking defendants to set forth ways in which they contend that MIMSAD's receipt of funds from Columbia College was either wrongful or relates to the claims, allegations and defenses of this lawsuit. (Pl.'s Supp., Ex. D.) Plaintiff's motion for such an order is denied. Defendants' response to plaintiff's supplement adequately describes why they believe the discovery is within the scope of Federal Rule of Civil Procedure 26(b)(1). Contrary to plaintiff's argument, the documents that defendants located in their files about payments to MIMSAD (effectively, payments to plaintiff) do not answer all the questions those documents raise. Defendants should be permitted to take the discovery they seek to follow up on those documents before they are required to state whether they believe there was misconduct associated with them. Defendants will not be required to answer plaintiff's interrogatory until MIMSAD has produced the documents required by the subpoena *duces tecum* and has presented its 30(b)(6) witness for a deposition.

Plaintiff also seeks an order requiring that defendants be required to produce certain records relating to MIMSAD before MIMSAD's 30(b)(6) deposition. (Pl.'s Supp. at 5.). Plaintiff argues that Columbia, not plaintiff or MIMSAD, has all of the records regarding different project accounts than the one that has hitherto been at issue in this case. Therefore, she argues, in order to allow plaintiff to testify as MIMSAD's 30(b)(6) deponent, "the custodian of that information and those records, Columbia, first must make that information and those records available to her." (*Id.*)

Plaintiff's argument misapprehends the requirements of Rule 30(b)(6), under which MIMSAD's

**STATEMENT**

witness "must testify about information known or reasonably available to the organization." Columbia is not the custodian of MIMSAD's corporate records. If MIMSAD does not have the documents or information listed in the subpoena, it doesn't have them. The purpose of the deposition is not to find out what *Columbia* has, but to find out what *MIMSAD* has.

Defendants represent that the 30(b)(6) witness will not be asked about any documents during the deposition that were not produced to plaintiff's counsel in advance. (Defs.' Resp. Supp. at 5.) Plaintiff's motion for protective order requiring defendants to produce documents before the 30(b)(6) deposition is denied.

The final request in plaintiff's motion is a protective order that MIMSAD's production of its tax returns be limited to the first page and any K-1 schedule issued to plaintiff. (Pl.'s Supp. at 7.) It is not clear from plaintiff's motion what other schedules plaintiff seeks to withhold from defendants, although defendants argue that the withheld schedules would disclose the sources of MIMSAD's income that make up the total amount reflected on page 1.

In her complaint, plaintiff claims that defendants' actions not only terminated her employment, causing a loss of income and benefits, but also defamed her and attempted to ruin her reputation resulting in frustration of her efforts at Middle East peace, indignity, embarrassment, and humiliation. (Compl. ¶ 64.) Furthermore, she alleges that the damage to her reputation and standing in the community adversely affected her future employment prospects. (Compl. ¶ 94.) According to plaintiff, MIMSAD is a Subchapter S corporation. (*Id.*) That means its income effectively flows to plaintiff, who is apparently its only shareholder. (Plaintiff has not pointed to any other shareholders). Because MIMSAD is a Subchapter S corporation of which plaintiff is apparently the sole shareholder, not only the amount of income to MIMSAD but also the sources of that income are relevant to plaintiff's allegations that she has been damaged by defendants' acts. MIMSAD shall produce its tax returns including all schedules.