# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2169 | **DATE** | 1/26/2012 |
| **CASE TITLE** | Lerman vs. Columbia College Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's objections to the order of the magistrate judge [91] are overruled.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Zafra Lerman filed this action against Columbia College and certain of its officers (collectively, "defendants"), claiming gender, national origin, and sex discrimination, civil rights violations, defamation, and breach of contract, among other claims. Plaintiff has filed objections to an order of Magistrate Judge Geraldine Soat Brown (89) denying her motion (82) for protective order regarding subpoenas addressed to MIMSAD, Inc., a not-for-profit organization of which plaintiff is the president, treasurer, and sole shareholder. The relevant facts are set out in the order and will not be repeated here other than as pertinent to the issues.

The legal principles are succinctly summarized in *Webb* v. *CBS Broad., Inc.*, No. 08 C 6241, 2011 WL 842743, at *2 (N.D. Ill. Mar 8, 2011) (internal citations and quotation marks omitted):

> A district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the order is clearly erroneous or contrary to law. The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. In general, under the clearly erroneous standard, if there are two permissible views of the facts, a district court's choice between them cannot be clearly erroneous.

Plaintiff contends that the ruling is clearly erroneous and contrary to law for five reasons, addressed below.

    Argument (a). <u>The ruling proceeds from a misstatement of the record</u>.

Plaintiff takes issue with the following statement: "Although defendants have always been in possession of

the payment records to MIMSAD, they were only prompted to investigate their possible significance when information about questionable grant payments to other entities came to light during the discovery process." (Dkt. No. 89, 2d para.). Plaintiff argues that the questionable payments at issue were described in "the Crowl report" prepared before this litigation was filed and clearly known to defendants well before the disputed subpoenas were issued. Judge Brown acknowledged as much in her discussion of the issues:

> Although certain information about MIMSAD was apparently in defendants' records, defendants claim, in essence, that they just learned of the significance of MIMSAD and its relationship to plaintiff. The fact that it took defendants until shortly before the close of discovery to connect the dots does not justify cutting them off from a legitimate area of discovery.

Whether to allow discovery to be made after the closing date is plainly a discretionary decision. This court has no basis to conclude that, even if the magistrate judge misapprehended the facts (which does not appear to be the case), extending discovery for otherwise relevant discovery is either clearly erroneous or contrary to law. The objection is overruled.

Argument (b): <u>The finding that the evidence is relevant to an after-acquired evidence defense is clearly erroneous because the facts demonstrate that the evidence was not after-acquired</u>.

Plaintiff seems to believe that, if the after-acquired evidence defense will certainly fail for lack of proof, discovery of the issue should be foreclosed. Not so. As the magistrate judge correctly stated, "The stated reason for plaintiff's termination was misuse of grant monies that she managed. It is undisputed that MIMSAD is controlled by plaintiff. Defendants' inquiry into MIMSAD's receipt of grant money that plaintiff controlled appears to be a legitimate area of discovery reasonably related to the claims and defenses here."

Plaintiff cites no authority on which to base a finding that this conclusion is clearly erroneous or contrary to law. MIMSAD's receipt of grant money is relevant to the after-acquired evidence defense. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"). No privilege has been claimed. This objection is overruled.

Argument (c): <u>There is no evidence in the record why the allegedly after-acquired evidence would have provided a basis for termination of plaintiff's employment.</u>

Whether the evidence sought would have been a basis for termination is an issue of fact that may one day be presented to a jury. A court may not foreclose discovery of a relevant matter because it believes the evidence will ultimately be insufficient to prove a claim or defense. As Judge Brown stated in her order (regarding issue (d) below), "Defendants should be permitted to take the discovery they seek . . . before they are required to state whether they believe there was misconduct associated with them." This objection is overruled.

Argument (d): <u>Defendants should be required to give plaintiff notice and discovery of why they contend that payments to MIMSAD were improper before plaintiff sits for a 30(b)(6) deposition.</u>

Plaintiff seeks a protective order requiring defendants to disclose in advance of the 30(b)(6) deposition of MIMSAD the basis for their contention that MIMSAD's receipt of funds from Columbia College was wrongful or related to any claims or defenses. The magistrate judge denied this motion stating in part, "Plaintiff's argument misapprehends the requirements of Rule 30(b)(6) . . . . The purpose of the deposition is not to find out what *Columbia* has, but to find out what *MIMSAD* has." Plaintiff cites *Uresil Corp.* v. *Cook Group, Inc.*, 135 F.R.D. 168, 171 (N.D. Ill. 1991), for the proposition that discovery is designed for full disclosure so as to reduce the possibility of surprise. That discussion arose in the context of whether an expert witness had fully answered interrogatories and gives no particular guidance here. Suffice it to say, all

| STATEMENT |
|---|

parties to litigation would prefer to control the order of disclosures in discovery so as to find out what the other side has before providing information. There is nothing in the facts presented here that indicate any reason why the magistrate judge was not correct in her decision not to allow it here. This objection is overruled.

Argument (e): <u>MIMSAD should not have to produce all schedules to its income tax returns.</u>

The magistrate judge ordered that MIMSAD's tax returns with all schedules be produced because "not only the amount of income to MIMSAD but also the sources of that income are relevant to plaintiff's allegations that she has been damaged by defendants' acts." The damages claimed include loss of income and benefits, loss of reputation, and damage to future employment prospects. The magistrate judge reasoned that because MIMSAD's income effectively flows to plaintiff, MIMSAD's income is relevant to plaintiff's damages. This is not a clearly erroneous conclusion. Plaintiff cites no authority suggesting it is contrary to law. This objection is overruled.